**U.S. Department of Justice**
Bureau of Alcohol, Tobacco, Firearms and Explosives

**Final Notice of Denial of Application, Revocation Suspension and/or Fine of Firearms License**

In the matter of:

☐ The application for license as a/an _____, filed by:

or

☑ License Number 3-45-015-01-3K-01370 & 3-45-015-06-3K-01371 _____ as a/an Dealer of Firearms Other than Destructive Devices & Manufacture of Ammunition _____, issued to:

Name and Address of Applicant or Licensee *(Show number, street, city, state and Zip Code)*
BISMANGUNS, LLC.
2908 Morrison Ave, Unit 4, Bismarck, North Dakota 58504

Notice is Hereby Given That:

☐ A request for hearing pursuant to 18 U.S.C. § 923(f)(2) and/or 922(t)(5) was not timely filed. Based on the findings set forth in the attached document, your

  ☐ license described above is revoked pursuant to 18 U.S.C., 923(e), 922(t)(5) or 924(p), effective:

   ☐ 15 calendar days after receipt of this notice, or ☐ _____,

  ☐ license is suspended for _____ calendar days, effective _____, pursuant to 18 U.S.C. § 922(t)(5) or 924(p).

  ☐ licensee is fined $ _____, payment due: _____, pursuant to 18 U.S.C. § 922(t)(5) or 924(p).

☑ After due consideration following a hearing held pursuant to 18 U.S.C. § 923(f)(2) and/or 922(t)(5), and on the basis of findings set out in the attached copy of the findings and conclusions, the Director or his/her designee concludes that your

  ☐ application for license described above is denied, pursuant to 18 U.S.C., 923(d).

  ☐ application for renewal of license described above is denied pursuant to 18 U.S.C. 923(d), effective:

   ☐ 15 calendar days after receipt of this notice, or ☐ _____

  ☑ license described above is revoked pursuant to 18 U.S.C., 923(e), 922(t)(5) or 924(p), effective:

   ☑ 15 calendar days after receipt of this notice, or ☐ _____

  ☐ license is suspended for _____ calendar days, effective _____, pursuant to 18 U.S.C. § 922(t)(5) or 924(p).

  ☐ licensee is fined $ _____, payment due: _____, pursuant to 18 U.S.C. § 922(t)(5) or 924(p).

If, after the hearing and receipt of these findings, you are dissatisfied with this action you may, within 60 days after receipt of this notice, file a petition pursuant 18 U.S.C. § 923(f)(3), for judicial review with the U.S. District Court for the district in which you reside or have your principal place of business. If you intend to continue operations after the effective date of this action while you pursue filing for judicial review or otherwise, you must request a stay of the action from the Director of Industry Operations (DIO), Bureau of Alcohol, Tobacco, Firearms and Explosives, at 30 7th Street East, Suite 1900, St. Paul, MN 55101 _____, prior to the effective date of the action set forth above. You may not continue licensed operations unless and until a stay is granted by the DIO.

Records prescribed under 27 CFR Part 478 for the license described above shall either be delivered to ATF within 30 days of the date the business is required to be discontinued or shall be documented to reflect delivery to a successor. See 18 U.S.C. 923(g)(4) and 27 CFR § 478.127.

After the effective date of a license denial of renewal, revocation, or suspension, you may not lawfully engage in the business of dealing in firearms. Any disposition of your firearms business inventory must comply with all applicable laws and regulations. Your local ATF office is able to assist you in understanding and implementing the options available to lawfully dispose of your firearms business inventory.

*Exhibit 1*
*Ruff v ATF*

ATF Form 5300.13
Revised September 2014

| Date | Name and Title of Bureau of Alcohol, Tobacco, Firearms and Explosives Official | Signature |
|---|---|---|
| 01/03/2023 | Hans C. Hummel, Director, Industry Operations | *H.C.H.* Digitally signed by HANS HUMMEL Date: 2023.01.03 08:03:57 -06'00' |

I certify that, on the date below, I served the above notice on the person identified below by:

☑ Certified mail to the address shown below.
Tracking Number: 7017 0530 0000 8557 7928

Or

☐ Delivering a copy of the notice to the address shown below.

| Date Notice Served | Title of Person Serving Notice | Signature of Person Serving Notice |
|---|---|---|
| 01/03/2023 | Executive Assistant | |

Print Name and Title of Person Served
Bret Ruff

Signature of Person Served

Address Where Notice Served
2471 39th Street Southeast, Steele, North Dakota 58482

Note: Previous Edition is Obsolete

ATF Form 5300.13
Revised September 2014

**Findings of Fact**

There were eight violations cited in the Notice issued to Bret Ruff. Having reviewed the record in this proceeding, I make the following findings:

I find the following facts relevant to Violation #1 & #2:[2]

On 24 occasions, Licensee willfully failed to timely and/or accurately record the acquisition of firearms, in violation of 18 U.S.C. § 923(g)(1)(A) and 27 C.F.R. § 478.125(e).

On 495 occasions, Licensee willfully failed to timely and/or accurately record the disposition of firearms, in violation of 18 U.S.C. § 923(g)(1)(A) and 27 C.F.R. § 478.125(e).

Licensee admitted that the violations occurred, and information had been incorrectly entered into the Acquisition and Disposition (A&D) record but argued that the violations were not willful. Licensee also argued that he did not maintain an inventory of any firearms under the sole proprietor license at Morris Avenue. This was not consistent with the fact that the IOI was provided a separate A&D record and, in most instances, the Forms 4473 cited in this Notice indicate that the firearms were transferred from license 00800. (ATF Ex. 22). It appeared as though the LLC and the sole proprietor licenses had comingled both inventory and Forms 4473.

Licensee's conduct after the initiation of the inspection contributed to my conclusion that he lacks credibility. First, soon after ATF arrived on site, Licensee recognized that the A&D records contained errors and began an un-authorized, mid-inspection, independent audit and modification of records that took place while IOIs were not present on the premise.[3] Licensee's attempt to fix errors created more errors, including an inaccurate Theft Loss report. In a rush to document disposition information mid-inspection, on February 5-6, 2022, Licensee reported 436 firearms missing and entered that information in the disposition record reflecting disposition of February 7, 2022.[4] In addition to the incorrect report date, those entries that were ultimately reconciled resulted in 170 instances in which the Theft Loss entry in the disposition column was incorrect. Licensee's consistent efforts to change records and fix errors significantly hindered the inspection.

Second, Licensee submitted two written explanations to ATF at the conclusion of the inspection. (ATF Ex. 6 & 7). In those letters, Licensee indicated that recordkeeping responsibilities had been designated to other family members and Mr. Ruff was not aware of the lack of compliance, shirking his responsibility as the sole responsible person on the licenses. Third, at the hearing,

---

[2] The record included testimony that Licensee maintained two A&D records at the Morris Avenue location: one for Bismanguns, LLC and one for FFL #3-45-015-01-2D-00800 (00800). Violations cited against the LLC are included in a Final Notice separately issued to Bismanguns, LLC but fully incorporated herein.

[3] The inspection started on February 1, 2022, at which time IOI Temp requested A&D records and Forms 4473. The copy of the A&D record was made available to IOI Temp on February 14, 2022. IOI Temp was on site February 2, 3 and 4 without being provided a printed copy of the A&D Record.

[4] Ultimately, after reconciliation with ATF IOIs, the report was amended to 266 firearms on the Theft Loss report filed in March 2022.

was transferred on July 9. Neither the original Form nor the altered Form provide information consistent with that date. The newly revised information is also inappropriate and false, as the person signing the Form in February 2022 could not possibly be certifying to the lawfulness of transfers that already took place in June or July of 2021.

The remaining 22 Forms contain similar errors with the signature and transfer dates. Licensee admitted to the failure to sign the Forms, and the impossibility of certifying a transfer that took place six months before. Licensee asserted it was trying to "get stuff right" when it changed and re-signed Forms 4473 although the ultimate goal appeared to be avoiding citations and covering up non-compliant records. Licensee demonstrated knowledge of the requirements to properly sign and date forms by its own efforts to "fix" things after the fact and by the proper completion of other forms. I impute to Licensee the knowledge that inappropriate and false information on required records is in violation of regulatory requirements because truthful and accurate records is at the very core of the firearms regulatory scheme. Additionally, IOI Temp testified that this topic is covered in qualification inspections. Furthermore, Licensee's certification is the final protection against unlawful firearms transfers. I find that this violation occurred, and Licensee's conduct was willful.

I find the following facts relevant to Violation #6:

On one occasion, Licensee willfully sold or otherwise disposed of a firearm to an unlicensed person without recording the transaction on a Firearms Transaction Record, ATF Form 4473, in violation of 18 U.S.C. §§ 922(b)(5); 923(g)(1)(A) and 27 C.F.R. § 478.124(a). See P. Strom transaction.

This violation related to same transfer as mentioned in Violation #3 to P. Strom. The transfer of five firearms occurred without a NICS check and without a Form 4473. Based upon the facts mentioned above, Licensee's admission that a Form was not completed and the completion of a Form after the fact (ATF Ex. 39), I find that the violation occurred. I find Licensee had knowledge of the legal requirement to obtain a completed Form 4473 when transferring firearms to a non-licensee and was plainly indifferent to that legal obligation. Licensee allowed firearms to leave the premises with a non-licensee for an unknown amount of time with no record of the person or their prohibited status. I find Licensee's conduct was willful.

I find the following facts relevant to Violation #7:

On 25 additional occasions, Licensee willfully failed to sign and/or date the Firearms Transaction Record, ATF Form 4473 certifying that Licensee does not know or have reason to believe the transferee is disqualified by law from receiving the firearm described on the Form, in violation of 18 U.S.C. § 923(g)(1)(A) and 27 C.F.R. § 478.124(c)(5).

Facts related to this violation were similar to those cited in Violation #5. Licensee admitted that the certification signature and/or date were incomplete or inaccurate due to the impossibility of certifying to the lawfulness of a transfer after it occurred. These Forms had not been altered and were cited for the original error of incorrect or missing dates. See ATF Exhibit 36. I find the violation occurred and that Licensee was aware of the requirement to completely and accurately

complete Forms 4473s. The explanation that the transfer date was related to the date the disposition information was entered into the A&D Record did not mitigate this violation due to the lack of credibility. Licensee was plainly indifferent to the legal obligation to maintain accurate Forms 4473s.

I find the following facts relevant to Violation #8:

On 97 occasions, Licensee willfully failed to obtain/execute the Firearms Transaction Record, ATF Form 4473 as indicated by the headings on the Form and the instructions on or pertaining to the Form, in violation of 18 U.S.C. § 922(m) and 27 C.F.R. § 478.21(a).

ATF presented a representative sample of the 97 Forms 4473 that demonstrated the failure to complete the Form 4473 consistent with instructions. Approximately 49% of the total number of Forms 4473 reviewed had similar errors.[5] Licensee did not dispute the findings but did question the total number of Forms 4473 completed in a one-year period. Licensee argued that errors were not willful. However, this argument is not persuasive as Licensee, in other instances, demonstrated knowledge of the requirements to correctly complete a Form 4473. The excuse of carelessness does not negate willfulness especially considering the high error rate. I find the excuse to be an admission of plain indifference. I find that this violation occurred, and Licensee's conduct was willful.

**Conclusions of Law**

Pursuant to the GCA, ATF may, after notice and opportunity for hearing, revoke a Federal firearms license if Licensee has willfully violated any provision of the GCA or the regulations issued thereunder. 18 U.S.C. § 923(e); 27 C.F.R. § 478.73.

For the government to prove a willful violation of the federal firearms statutes, it need only establish that a licensee knew of its legal obligation and "purposefully disregarded or was plainly indifferent to the record-keeping requirements." Lewin v. Blumenthal, 590 F. 2d 268, 269 (8th Cir. 1979). The government is not required to show that the violations occurred with any bad purpose. On Target Sporting Goods v. Attorney General of U.S., 472 F. 3d 572, 575 (8th Cir. 2007).

Licensee has participated in three qualification inspections with ATF and has not previously participated in a compliance inspection. However, the lack of a previous compliance inspections or repeat violations does not preclude ATF from taking action and finding willfulness. Repeat violations can support a revocation action, however "it is clear that a licensee may be found to have willfully violated the Gun Control Act even if he has never previously been cited for violations." See e.g., Nat'l Lending Group v. Mukasey, 2008 WL 5329888, at *8 n. 13 (D. Az. Dec. 19, 2008) (no requirement that there have been prior warnings to establish willfulness); Manuele v. Acting Director, ATF, 2008 WL 2168761, at *5 (C.D. Ill May 22, 2008); Francis v. ATF, 2006 WL 1047026, at *4 (E.D. Okla. Apr.20, 2006). Courts have consistently held that compliance with the GCA is the licensee's responsibility. A federal firearms licensee ... "[has] a duty to be cognizant of the rules and regulations issued by the Bureau of Alcohol, Tobacco, and

---

[5] IOI Temp reviewed 196 Forms 4473 for a one-year period under the sole proprietor license.

Firearms and to follow those mandates." Trader Vic's Ltd. V. O'Neill, 169 F.Supp.2d 957, 965 (N.D.Ind.2001). Therefore, a lack of repeat violations does not negate willful misconduct.

As stated above, there were facts supporting willfulness in each of the violations, specifically that Licensee was *indifferent* to its legal obligation. "Indifference" is defined by the Merriam-Webster Dictionary and case law as lack of interest, enthusiasm, or concern for something. American Arms International v. Herbert, 563 F.3d 78 (4th Cir. 2009). The record demonstrates that Licensee was unconcerned with accurate record keeping, understanding the law, filing multiple handgun sales reports and ensuring background checks were done. Only when ATF arrived did Licensee became concerned. So much so, that the A&D record was not made available, and the Forms were unlawfully modified. Licensee admitted to the IOIs that changes to the Forms, as evidenced by the white-out on the Forms 4473, were made the night. However, this admission does not mitigate the underlying attempts to interfere with the inspection, hinder reconciliation of inventory and avoid being cited for non-compliant records. Licensee's sudden "concern" and active efforts to modify information on required records highlights the extreme lack of attention to its responsibility as an FFL prior to ATF's arrival.

Courts have supported the revocation of a Federal firearms license based upon the quality of the violation, not the quantity. "A single willful violation of the GCA is enough to deny a federal firearms license application or revoke a federal firearms dealer's license." Shaffer v. Holder, No. 1:09-0030, 2010 WL 1408829, at *10 (M.D. Tenn. Mar. 30, 2010) (citing Appalachian Resources Dev. Corp. v. McCabe, 387 F.3d 461, 464 (6th Cir.2004).) See also, Fairmont Cash v. James, 858 F.3d 356 (5th Cir. 2017). In this case, ATF has presented evidence of several types of willful violations that directly impact public safety, including failure to complete multiple handgun sales reports, transfers of firearms without a Form 4473 or a NICS check and disposition errors that resulted in hundreds of missing firearms. "When a firearms dealer cannot account for guns or fails to ensure that guns are sold to authorized persons, the public safety is directly and meaningfully implicated." RSM v. Herbert, 466 F.3d 316 (4th Cir. 2006)

Therefore, there is both quantity and quality of willful violations in this record.

Arguing that errors were the result of human mistakes or harmless misunderstandings of clearly documented regulatory requirements does not negate a finding of willfulness. "The recordkeeping requirements imposed by the GCA are, by their very nature, highly technical. Compliance therefore requires extreme vigilance." Garner v. Lambert, 558 F.Supp.2d 794, 804 (N.D. Ohio 2008). "When the Act was enacted, Congress was concerned with the widespread traffic in firearms and with their general availability to those whose possession thereof was contrary to the public interest." Fin & Feather Sport Shop, Inc. v. U.S. Treasury Dept., 481 F.Supp. 800 (Neb. 1979). Therefore, regulatory requirements are critical to the overall regulation of the firearms industry, and indifference to those requirements can result in revocation.

For the reasons stated above, I conclude that Licensee willfully violated law and regulations set forth in the Notice of Revocation of License.

The Finding and Conclusions set forth in the Final Notice of Revocation issued to Bismanguns, LLC, FFL # 3-45-015-01-3K-01370 and 3-45-015-06-3K-01371 are fully incorporated herein,

due to Bret Ruff's status as sole responsible person and owner of Bismanguns, LLC and the sole proprietor license.

Accordingly, as provided by 18 U.S.C. § 923(e) and 27 C.F.R. § 478.73, the Federal firearms license held by Bret Ruff is hereby REVOKED.



U.S. Department of Justice

Bureau of Alcohol, Tobacco,
Firearms and Explosives

*Washington DC*

www.atf.gov

## IMPORTANT NOTICE

### Selling Firearms AFTER Revocation, Expiration, or Surrender of an FFL

Former Federal Firearms licensees (FFLs) who continue to sell firearms after the revocation, expiration, or surrender of their license are subject to the same rules as persons who have never been licensed in determining whether they are "engaged in the business" of selling firearms without a license in violation of 18 U.S.C. § 922(a)(1)(A). Accordingly, former licensees who wish to dispose of any remaining business inventory must adhere to the following guidance:

Business inventory must be disposed of by the former FFL in a manner that, objectively, does not constitute being engaged in the business of dealing in firearms using the same facts and circumstances test that would apply to persons who have never been licensed.

The preferred manner of disposition is for the former licensee to:

- Arrange for another FFL to purchase the business inventory (and other assets) of the business; or
- Consign the inventory to another FFL to sell on consignment, or at auction.

Should a former FFL decide against those options, he/she should be aware that future sales - whether from his/her personal firearms collection or otherwise - will be evaluated for a potential violation of 18 U.S.C. § 922(a)(1)(A), just as would occur with a person who had never been licensed.

If a former FFL is disposing of business inventory, the fact that no purchases are made after the date of license revocation, expiration, or surrender does not immunize him/her from potential violations of 18 U.S.C. § 922(a)(1)(A). Instead, business inventory acquired through repetitive purchases while licensed are attributed to the former FFL when evaluating whether subsequent sales constitute engaging in the business of dealing in firearms without a license.

ATF remains committed to assisting former licensees in complying with Federal firearms laws. If you have questions, please contact your local ATF office.

CURTIS GILBERT
Digitally signed by CURTIS GILBERT
Date: 2022.04.04 16:12:22 -04'00'

Curtis Gilbert
Deputy Assistant Director (Industry Operations)
Field Operations