IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Brett Ruff and Bismanguns, LLC, )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>Bureau of Alcohol, Tobacco, )<br>Firearms and Explosives, )<br>)<br>Defendant. ) | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>Case No. 1:23-cv-033 |

Before the Court is the Defendant's motion to dismiss filed on May 19, 2023. See Doc. No. 15. The Plaintiffs did not file a response to the motion. For the reasons set forth below, the motion is granted.

I. **BACKGROUND**

Pursuant to 18 U.S.C.§§ 923(e) and (f) and 27 C.F.R. § 478.73, the Attorney General may, after notice and an opportunity for a hearing, revoke a federal firearms license if the holder of the license has willfully violated any provision of the Gun Control Act, 18 U.S.C. § 921 et seq., or the regulations issued under the authority of the GCA. In February 2022, the Bureau of Alcohol, Tobacco, and Firearms ("ATF") initiated compliance inspections on licensee Bismanguns, LLC. ATF utilized the authority of the Gun Control Act to take action against Bismanguns and Brett Ruff. Bismanguns held three federal firearms licenses: 3-45-015-01-3K-01370 ("License 01370"), 3-45-015-06-3K-01371("License 01371"), retired number 3-34-015-01-2D-00800 ("License 00800"), and Brett Ruff owned one: 3-45d-043-01-5B-0988 ("License 00988"). As a result of these inspections, on August 22, 2022, the ATF issued a Notice to Revoke or Suspend License and/or Impose a Civil Fine to Bismanguns, citing seven

separate violations. Bismanguns, through responsible person Brett Ruff, timely requested a hearing which was conducted on October 4, 2022. Ruff was present at the hearing and represented himself and Bismanguns.

On or about January 3, 2023, the ATF issued a final notice of revocation along with Findings of Fact and Conclusions of Law. See Doc. No. 1-3. The ATF concluded Bismanguns and Ruff had on multiple occasions willfully violated the Gun Control Act, were indifferent to their legal obligations, and attempted to interfere with the ATF inspection and investigation. Consequently, the ATF revoked all the federal firearms licenses held by Bismanguns and Ruff.

On January 18, 2023, ATF Director of Industry Operations Hans Hummel authorized continued operations and stay of the revocation for Bismanguns and Ruff during the sixty day time period allowed to file a petition(s) for de novo review. See Doc. No. 1-4. The Plaintiffs filed their petition seeking de novo review in federal court on February 16, 2023. See Doc. No. 1. On May 11, 2023, the Court denied the Plaintiffs' motion for stay which would have permitted them to continue to sell firearms. See Doc. No. 14. Now before the Court is the ATF's motion to dismiss for insufficiency of process and insufficiency of service of process. See Doc. No. 15.

II. **STANDARD OF REVIEW**

Rules 12(b)(4) and 12(b)(5) authorize a party to present a defense to a claim grounded on insufficient process and insufficient service of process. Fed. R. Civ. P. 12(b)(4) and (5). Generally, a court may not exercise power over a party named in a complaint in the absence of proper service. Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999). A

federal court does not have personal jurisdiction over a defendant who has not been properly served pursuant to Rule 4 of the Federal Rules of Civil Procedure.  Adams v. Allied Signal Gen. Aviation Avionics, 74 F.3d 882, 885-86 (8th Cir. 1996).  The plaintiff bears the burden of proving "personal jurisdiction and sufficiency and service of process."  Northrup King. Co. v. Compania Productora Semillas Algodoneras Selectas, S.A., 51 F.3d 1383, 1387 (8th Cir. 1995).  Rule 12(b)(4) permits dismissal for "insufficient process," while Rule 12(b)(5) permits dismissal for "insufficient service of process."  Courts often analyze service issues under Rule 12(b)(4) and Rule 12(b)(5) together because the distinction between the two rules is not always clear.  Warehouse Invs., L.L.C. v. Affiliated Fm Ins. Co., No. 4:20-cv-397, 2021 WL 2211691, at *3 (S.D. Iowa Mar. 16, 2021).  The difference between the two rules has been explained as follows:

> An objection under Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service.  Technically, therefore, a rule 12(b)(4) motion is proper only to challenge noncompliance with the provisions of Rule 4(b) or any applicable provision incorporated by Rule 4(b) that deals specifically with the content of the summons.  A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or lack of delivery of the summons and complaint.

5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1353 (3d ed.).  Due to difficulties that arise when trying to distinguish the two rules "[s]everal courts have . . . treated a combination of the two motions as proper procedure.  As stated by the Eighth Circuit, "[t]he distinction between the two insufficiencies is often blurred, and it is appropriate to present and analyze service under both rules."  Adams v. AlliedSignal Gen. Aviation Avionics, 74 F.3d 882, 884 n.2 (8th Cir. 1996).

### III.     LEGAL DISCUSSION

The ATF seeks dismissal under Rule 12(b)(4) and (5) of the Federal Rules of Civil Procedure for insufficiency of process and insufficiency of service of process. The Plaintiffs did not respond to the motion and the time for doing so has expired. This failure to respond is reason enough to grant the motion. See D.N.D. Civ. L. R. 7.1(F) ("An adverse party's failure to serve and file a response to a motion may be deemed an admission that the motion it well taken.").

The Plaintiffs filed their complaint on February 16, 2023, and were issued a summons that same day. See Doc. Nos. 1 and 2. In its motion, the ATF contends that when it was served the summons on March 3, 2023, the complaint (Doc. No. 1) was not included in the mailing. The ATF was served additional documents on April 3, 2023, the complaint was again not included although a motion which was similar was included. Compare Doc. Nos. 1 and 8. The motion (Doc. No. 8) was denied on May 11, 2023. See Doc. No. 14. The uncontroverted affidavit submitted by the ATF demonstrates the Plaintiffs have failed to comply with Rule 4 which requires service of the complaint within 90 days of the issuance of the summons. Rule 4(m) states that if the plaintiff does not effectuate service within the prescribed time, the court "must dismiss the action without prejudice against the defendant or order that service be made within a specified time." In this case, the Plaintiffs have failed to respond to the ATF's motion and have not provided any explanation for their failure to comply with Rule 4. Nor have they made any attempt to remedy their failure or request for any extension of time. Under these circumstances, dismissal is warranted.

IV.     **CONCLUSION**

Accordingly, the Defendant's motion to dismiss (Doc. No. 15) is **GRANTED** and the case is dismissed without prejudice.

**IT IS SO ORDERED**.

Dated this 17th day of July, 2023.

/s/ Daniel L. Hovland
Daniel L. Hovland, District Judge
United States District Court